UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA SAGRARIO MEJIA D., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:22-cv-07336-PD <br><br> **MEMORANDUM OPINION AND ORDER VACATING AGENCY DECISION** |

Plaintiff challenges the denial of her application for Social Security disability insurance benefits. For the reasons stated below, the decision of the Administrative Law Judge is vacated, and the Court remands this matter on an open record for further proceedings.[1]

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the United States Judicial Conference. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Fed. R. Civ. P. 25(d), Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this action.

## I. Pertinent Procedural History and Disputed Issues

Plaintiff previously applied for a period of disability and disability insurance benefits, and supplemental security income, alleging that she became disabled on February 25, 2015. [Administrative Record ("AR") AR 84; Joint Stipulation ("JS") 2.][2] A hearing was held before an Administrative Law Judge ("ALJ") and in April 2018, the ALJ found Plaintiff capable of performing her past relevant work as a sales attendant (Dictionary of Occupational Titles ("DOT") 299.677-010), as generally performed, and not disabled. [AR 17, 29, 51-77, 84-94.]

On April 16, 2020, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning April 19, 2018. [AR 17; JS 2.] Plaintiff's application was denied administratively in May 2020, and upon reconsideration in December 2020. [AR 17, 136-40, 144-50.] Plaintiff requested a hearing, which was held telephonically on August 24, 2021, before a second ALJ. Plaintiff appeared with counsel, and the ALJ heard testimony from Plaintiff and a vocational expert ("VE"). [AR 37-50.] On September 1, 2021, the ALJ issued a decision finding that Plaintiff was not disabled. [AR 17-30.] The Appeals Council denied Plaintiff's request for review on August 8, 2022, rendering the ALJ's decision the final decision of the Commissioner. [AR 1-8.]

The ALJ followed the requisite five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *superseded on other grounds by regulation as stated by Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022); 20 C.F.R. § 416.920(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 19, 2018, the alleged onset

---

[2] The Administrative Record is CM/ECF Docket Numbers 20-3 through 20-9 and the Joint Stipulation is Docket Number 24.

2

date. [AR 20 ¶ 2.] At step two, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia and impairments of obesity, sleep apnea, and diabetes mellitus in combination. [AR 20 ¶ 3.] The ALJ found that these impairments significantly limit the ability to perform basic work activities. [AR 20.] At step three, the ALJ found that Plaintiff does "not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." [AR 24 ¶ 4.]

Before proceeding to step four, the ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b)[3] with the following limitations:

> [Plaintiff] is limited to frequent climbing of ramps and stairs, occasionally climbing of ladder, ropes, and scaffolds, and occasional balancing, stooping, crouching, and crawling.

[AR 25 ¶ 5.]

At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a "sales attendant" DOT 299.677-010. [AR 29 ¶ 6.] This work does not require the performance of work-related activities precluded by Plaintiff's RFC (20 CFR 404.1565). [Id.] Accordingly, the ALJ concluded that Plaintiff has not been under a disability between April 19, 2018, through June 30, 2019, the date last insured. [AR 29.]

---

[3] "Light work" is defined as follows:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
20 C.F.R. § 404.1567(b).

Plaintiff challenges the decision by the ALJ in three respects: (1) Whether the ALJ properly addressed the severity of Plaintiff's diagnosed anxiety and depression; (2) Whether the ALJ properly determined that Plaintiff is capable of performing her past relevant work ("PRW") as a "sales attendant"; and (3) Whether the ALJ properly considered Plaintiff's subjective complaints. [JS 3.]

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the agency's decision to deny benefits. A court will vacate the agency's decision "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020) (citations omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) (same).

It is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020). Where this evidence is "susceptible to more than one rational interpretation" the ALJ's reasonable evaluation of the proof should be upheld. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Tran v. Saul*, 804 F. App'x 676, 678 (9th Cir. 2020).[4]

Error in Social Security determinations is subject to harmless error analysis. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). Error is

---

[4] Although statements in unpublished Ninth Circuit opinions "may prove useful [] as examples of the applications of settled legal principles," the Ninth Circuit has cautioned lower courts not to rely heavily on such memorandum dispositions particularly as to issues of law. *Grimm v. City of Portland,* 971 F.3d 1060, 1067 (9th Cir. 2020) ("a nonprecedential disposition is not appropriately used ... as the pivotal basis for a legal ruling by a district court").

4

harmless if "it is inconsequential to the ultimate nondisability determination" or, despite the legal error, "the agency's path is reasonably discerned." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

### III. Discussion

#### A. The ALJ's Determination That Plaintiff Could Perform Her Past Relevant Work as a Sales Attendant Was Not Based on Substantial Evidence

Plaintiff asserts that the ALJ's determination that she could perform her past relevant work ("PRW") as a "sales attendant" is not supported by substantial evidence. [JS 19-20, 22.] The ALJ applied the criteria from *Chavez v. Bowen,* 844 F.2d 691, 693 (9th Cir. 1988) and found that Plaintiff's PRW did not change from the prior decision. [AR 17-18, 26, 29.] Plaintiff asserts that there is new and material evidence regarding her PRW – specifically, the Vocational Expert's ("VE") testimony that Plaintiff's past work at Walmart was a "composite job." [JS 19-20; AR 47-49.]

1. **Legal Standards**

   a) **Application of Chavez and Acquiescence Ruling 97-4(9)**

Plaintiff previously applied for a period of disability and disability insurance benefits, and supplemental security income, alleging that she became disabled on February 25, 2015, which were denied in a decision dated April 18, 2018. [AR 17, 84-99.] Plaintiff's current claim alleges disability beginning April 19, 2018.

The principles of res judicata apply to administrative decisions. *Chavez v. Bowen*, 844 F.2d at 693. Thus, an ALJ's determination that a claimant is not disabled creates a presumption that the claimant continued to be able to work after that date. *Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009). An ALJ's findings cannot be reconsidered by a subsequent ALJ unless the claimant shows "changed circumstances" – that is, new and material

5

information not presented to the first judge. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008); *Lester*, 81 F.3d at 827.

Following *Chavez*, the Social Security Administration adopted Acquiescence Ruling 97-4(9) to explain how it would apply *Chavez* within the Ninth Circuit. Pursuant to that ruling, an ALJ must apply a presumption of continuing non-disability, which a claimant may rebut "by showing a 'changed circumstance' affecting the issue of disability with respect to the unadjudicated period." AR 97-4(9), 1997 WL 742758, at *3 (Dec. 3, 1997). "Changed circumstances" include the existence of a new impairment not considered in the previous application, a change in the claimant's age category, or an increase in the severity of the claimant's impairment. *See Lester*, 81 F.3d at 827; *Chavez*, 844 F.2d at 693; *see also* AR 97-4(9). Even if a claimant rebuts the presumption, some of the previous ALJ's findings may be entitled to preclusive effect. *Chavez*, 844 F.2d at 694. The previous ALJ's findings regarding a claimant's RFC, education, and work experience should not be disturbed unless the claimant presents new and material evidence that implicates those findings. *Id.* Because Plaintiff was previously found not disabled, the standards articulated in *Chavez* and Acquiescence Ruling 97-4(9) apply to her current claim. [*See* AR 17-18, 26.] The ALJ concluded that, under *Chavez* and Acquiescence Ruling 97-4(9), Plaintiff did not rebut the presumption of continuing non-disability. [AR 26.]

### b) Step Four

At step four, a claimant has the burden of proving that she cannot return to her past relevant work as actually or generally performed in the national economy. 20 C.F.R. § 404.1520(f); *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016); *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002); *Pinto v. Massanari,* 249 F.3d 840, 844 (9th Cir. 2001). Although the burden of proof lies with the claimant, the ALJ still has a duty to make factual findings to

support his conclusion. *Pinto,* 249 F.3d at 844. In particular, the ALJ must make "specific findings" as to the claimant's RFC, "the physical and mental demands" of the past relevant work, and whether the RFC would permit a return to his past work. *See id.* at 845 (citing SSR 82–62, 1982 WL 31386, at *4 (Jan. 1, 1982)).

In defining a claimant's past relevant work as actually performed, the ALJ may use "a properly completed vocational report" and "the claimant's own testimony." *Pinto,* 249 F.3d at 845 (citations omitted). To ascertain the requirements of occupations as generally performed in the national economy, the ALJ may rely on VE testimony or information from the DOT. SSR 00–4P, 2000 WL 1898704, at *2 (Dec. 4, 2000) (at steps four and five, SSA relies "primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy" and "may also use VEs ... at these steps to resolve complex vocational issues"); SSR 82–61, 1982 WL 31387, at *2 (Jan. 1, 1982) ("The [DOT] descriptions can be relied upon—for jobs that are listed in the DOT—to define the job as it is *usually* performed in the national economy." (emphasis in original)).

Where a claimant's past work as actually performed has "significant elements of two or more occupations," it is considered a "composite job" with no counterpart in the DOT. SSR 82–61, 1982 WL 31387, at *2. When a job is composite, "the ALJ considers only whether the claimant can perform his past relevant work as actually performed." *Cook v. Colvin,* 2015 WL 162953, at *7 (C.D. Cal. Jan. 13, 2015) (citing Program Operations Manual System (POMS) DI 25005.020(B), available at http://policy.ssa.gov/poms.nsf/lnx/0425005020).

When a VE provides evidence at step four or five about the requirements of a job, the ALJ has a responsibility to ask about "any possible conflict" between that evidence and the DOT. *See* SSR 00–4p, 2000 WL

1898704, at *4; *Massachi v. Astrue,* 486 F.3d 1149, 1152–54 (9th Cir. 2007) (holding that application of SSR 00–4p is mandatory).

### 2. Plaintiff's Work Function Report and Testimony at the Hearing

In Plaintiff's disability report she described her job as follows: "sales associate … worked as a cashier helping clients with their purchases. Then she ended up doing work all around. She would help stock, carry and move palettes, and she even helped coordinate and delegate work onto other workers." [AR 292.] Plaintiff also had to carry and lift "heavy merchandise boxes throughout the store" when she stocked. [AR 292.] Plaintiff frequently lifted weight between 30 and 50 pounds. [AR 292.]

At the administrative hearing, Plaintiff testified that she worked as a sales associate at Walmart. [AR 40.] Her duties included carrying things, unloading stuff, helping customers with questions, bending down to pick up stuff, using ladders to put things away, and "do[ing] everything." [AR 40.] She described her job as very heavy work. [AR 41.] Plaintiff testified that she cannot carry anything heavy. [AR 44.]

### 3. The Vocational Expert's Testimony at the Hearing and the ALJ's Decision

At the administrative hearing, the VE testified that he reviewed Plaintiff's work history in the file. [AR 46.] In response to the ALJ's question to classify Plaintiff's past work at Walmart, the VE testified that based on his review of the record and Plaintiff's testimony, the best way to categorize Plaintiff's job would be as a "composite job." [AR 47.] He stated there are two components: the first would be as a sales clerk, DOT code 290.477-014, that is classified as light work and semi-skilled at SVP 3. [AR 47.] The other component of that job would be work as a laborer, stores, DOT code 922.687-058, that is medium work, unskilled at SVP 2. [AR 47.]

The ALJ then explained that in a prior hearing the ALJ had classified Plaintiff's past work as a sales attendant, DOT code 299.677-010, SVP 3, light and he asked the VE to look up the DOT for this position. [AR 47.] The VE responded that "there is a difference. A sales attendant is somebody who puts things away but doesn't really deal with customers too much. They'll point out directions. A sales clerk actually sells things to people." [AR 47-48.] The VE testified that Plaintiff in the record said she was a sales associate and worked as a cashier. [AR 48.] In response, the ALJ said that his question was very simple, and he asked the VE whether the DOT code that he gave him, 299.677-010, whether the VE's records indicate that it is also SVP 3 and light. [AR 48.] The VE responded that it is actually SVP 2, and the sales attendant job is unskilled whereas the sales clerk job is semi-skilled. [AR 48.]

The ALJ asked whether there would be work for a hypothetical individual of the Plaintiff's age, education and work experience who could perform work at the light exertional level as that term is defined and the individual is limited to frequent climbing of ramps and stairs, occasional climbing of ladder, ropes, and scaffolds, and occasional balancing, stooping, crouching, and crawling, to which the VE responded, "Could perform as specified by the DOT for the sales clerk position or the sales attendant position, but not as performed. She said she had to lift over 20 pounds." [AR 48.] The ALJ then asked whether based on the length of time that Plaintiff performed her past work, as generally performed in the national economy for the light, SVP 3 job, 290.477-014 (sales clerk), would she have to acquire any additional skills to perform that job, to which the VE responded, "No." [AR 48-49.]

In his decision, the ALJ stated:

> Through the date last insured, the claimant was capable of performing past relevant work as a "sales attendant" (Dictionary of Occupational Titles (DOT) 299.677-010). This work did not require

9

> the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> The prior ALJ decision found the claimant had past relevant work as a "sales attendant" (DOT 299.677-010) light exertion with a specific vocational preparation of 2. (Exhibit B1A/16). Although the vocational expert in the hearing I conducted characterized the job somewhat differently, the claimant's work history has not changed. Therefore, I adopt that finding.
>
> I have also considered the three factors for determining past relevant work set forth in SSR 82-62. This includes contemplation of the change in the 15-year relevant period given that the alleged onset date in this claim differs from the prior ALJ decision. The evidence shows the claimant's past work as a sales attendant still satisfies the recency, duration, and SGA factors set forth in the ruling. (Exhibits B8D, B9D, B2E). I further note that the criteria for determining past relevant work has not otherwise changed since the date of the prior decision.
>
> The vocational expert testified that the claimant could perform her past relevant work as a sales attendant as generally performed within the limitations of the residual functional capacity. This conclusion is consistent with prior ALJ decision finding. Accordingly, I find the claimant can perform her past relevant work as generally performed.

[AR 29.]

### 4. Analysis

Plaintiff contends that the ALJ's determination that she could perform her past relevant work as a "sales attendant" is not supported by substantial evidence. [JS 19-20, 22.] Since Plaintiff was previously found not disabled, the ALJ applied the *Chavez* criteria and found that Plaintiff's PRW as a "sales attendant" did not change from the prior decision. [*See* AR 17-18, 26.] Under *Chavez*, the previous ALJ's findings regarding Plaintiff's RFC, education, and work experience should not be disturbed unless Plaintiff presents new and material evidence that implicates those findings. *Chavez*, 844 F.2d at 694.

Plaintiff argues that there is new and material evidence regarding her PRW – specifically, the VE's testimony that Plaintiff's past work at Walmart was a "composite job", including both positions as a sales clerk (DOT 290.477-014) which is light, semi-skilled and SVP 3 and a stores, laborer (DOT 922.687-058) which is medium, unskilled and SVP 2. [JS 19; AR 47-49.]

Courts have found that VE testimony on its own can constitute new and material evidence under some circumstances. *See Carter v. Astrue*, 2009 WL 2084446, at *4 (N.D. Cal. July 14, 2009) (finding VE testimony was new and material evidence where the first VE examined and opined on the plaintiff's past relevant work as actually performed and the second VE opined as to the plaintiff's work as generally performed); *Marlon C. v. Saul*, 2019 WL 3818202, at *3 (C.D. Cal. Aug. 14, 2019), (the district court found that a certified earnings record and detailed earnings query which were not available to the first ALJ constituted new evidence to rebut the *Chavez* presumption); *Duffy v. Comm'r of Soc. Sec. Admin.*, 2020 WL 1933923, at *3 (D. Ariz. Apr. 22, 2020) (finding that *Chavez* did not apply to a prior ALJ decision regarding the plaintiff's past relevant work where the second ALJ "not only had the benefit of new evidence from the state agency but also different testimony from the VE, which focused more on locating a DOT title that comported with [the plaintiff's] own description of his work rather than the name of the job that [the plaintiff] supplied").

Evidence is "new" if the prior ALJ did not consider it. *Ellis v. Astrue*, 2011 WL 5877490, at *6 (D. Nev. Sept. 28, 2011). New evidence must also be material to warrant a new review of the administrative record. *Huerta v. Berryhill*, 2019 WL 2009112, at *5 (C.D. Cal. May 7, 2019). Evidence is material "if it bears directly and substantially on the matter in dispute and if there is a 'reasonable possibility' that the new evidence would have changed the outcome of the determination." *Id.* (finding new evidence

11

regarding Plaintiff's surgery was also material because the increase in severity of the disability gave a 'reasonable possibility' of a changed opinion) (citing *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001).

Here, the VE testified that Plaintiff's job at Walmart was a "composite job," consisting of positions both as a sales clerk and laborer, stores. [AR 47.] Despite the VE's testimony, the ALJ failed to ask the VE to explain his "composite job" findings or clarify the record. Instead, the ALJ told the VE that in a prior hearing the prior ALJ had classified Plaintiff's job as a sales attendant, DOT code 299.677-010, SVP 3, light and asked the VE to look it up in the DOT. [AR 47.] The VE looked up sales attendant in the DOT and said there was a difference in the duties between a sales associate and a sales attendant. [AR 48.] Thereafter, the ALJ posed a hypothetical with exertional limitations and asked the VE whether a person with the described limitations be able to perform Plaintiff's past work, to which the VE responded, "Could perform as specified by the DOT for the sales clerk position or the sales attendant position, but not *as performed*. She said she had to lift over 20 pounds." [AR 48.] (emphasis added.)

When a job is "composite"—that is, it has significant elements of two or more occupations and therefore has no counterpart in the DOT—the ALJ considers only whether the claimant can perform his past relevant work as actually performed. *See* Soc. Sec. Admin., POMS DI 25005.020(B), http://policy.ssa.gov/poms.nsf/lnx/0425005020. Plaintiff asserts that the ALJ erred at Step Four because when a person has a "composite job," they do not have PRW as generally performed. [JS 19-20.]

The Commissioner responds that the prior ALJ found that Plaintiff worked as a "sales attendant" to an extent that satisfied the recency, duration, and substantial gainful activity for PRW as set forth in Social Security Ruling ("SSR") 82-62, 1982 WL 31386, at *2 (Jan. 1, 1982). [JS 21.]

12

The Commissioner further argues that even though the VE characterized Plaintiff's job differently, Plaintiff's work history had not changed and therefore, the ALJ properly adopted the prior ALJ's PRW findings. [JS 22.]

Plaintiff replies that the ALJ erred in applying the *Chavez* criteria because there is new and material evidence regarding her PRW—the VE's testimony. The Court agrees with Plaintiff. The VE testified that Plaintiff had a "composite job." [AR 47.] The VE's testimony is new and material evidence and was not considered by the first ALJ who found Plaintiff capable of performing her PRW as a "sales attendant" as generally performed. The ALJ therefore erred in applying the *Chavez* criteria when finding Plaintiff's PRW did not change from the prior decision.

The record is unclear, because the ALJ failed to ask the VE any questions regarding his findings that Plaintiff's job at Walmart was a "composite job." [AR 47-49.] The ALJ's composite-job-rule errors were harmful as the demands of Plaintiff's PRW as actually performed exceeded the ALJ's RFC assessment, given that Plaintiff is limited to light work, but the "composite job" as described by the VE requires both light and medium exertional requirements which exceed Plaintiff's abilities. [JS 20; AR 47-49.] Accordingly, the Court finds that substantial evidence does not support the ALJ's step four finding. See *Kevin M. v. Comm'r of Soc. Sec.*, 2020 WL 747850, at *4-5 (W.D. Wash. Feb. 14, 2020) (holding that the ALJ erred in finding that the claimant's past work was not a composite job when the claimant testified that he spent "half his time doing data entry and half his time driving to banks to collect on loans" and it was unclear from the record whether the VE concluded that the claimant performed a composite job); *Migala v. Berryhill*, 2018 WL 1989550, at *6-7 (N.D. Cal. Mar. 14, 2018) (concluding that the ALJ erred by failing to recognize that the claimant's past relevant work was a composite job and make the required findings about the physical and mental

13

demands of the claimant's past relevant work); *Morgan v. Berryhill*, 2017 WL 2628094, at *1 (W.D. Wash. June 19, 2017) (remanding where the ALJ erred in failing to acknowledge plaintiff performed a composite job, rather than two separate DOT occupations); *LePage v. Colvin*, 2015 WL 5734836, at *5 (E.D. Cal. Sept. 29, 2015) (remanding because ALJ failed to treat PRW as a composite job when the VE characterized it as a combination job and segregated it into two separate occupations, one of which would be precluded by the claimant's RFC).

Lastly, the Commissioner asserts that Plaintiff reported and testified that her job at Walmart was as a sales associate which is synonymous with sales attendant rather than a "composite job" of sales clerk and laborer. [JS 21-22.] The ALJ did not make this argument and it is nothing more than an improper post-hoc rationalization that the Court cannot rely on to affirm the ALJ. *See Pinto*, 249 F.3d at 847-48 ("[W]e cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.") (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

### IV. Other Issues and Remedy

Plaintiff argues that the ALJ's decision is also erroneous because the ALJ failed to properly evaluate the severity of her diagnosed depression and anxiety and subjective symptom testimony. [JS 2-18, 22-35.] Because the Court concludes that this case be remanded on an open record, the Court declines to address Plaintiff's other claims of error. *Google LLC v. Oracle America, Inc.*, ___ U.S. ___, 141 S. Ct. 1183, 1197 (2021) (appellate courts "should not answer more than is necessary to resolve the parties' dispute" on appeal); *see also Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) ("While Smith raises a number of issues on appeal, the court addresses only those relevant to its decision to remand the case to the agency."); *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) ("We have no occasion to reach

Lambert's other assignments of error, as the record may change on remand").

## V.     Order

Accordingly, for all the reasons stated above, the Court finds that the ALJ's decision is not free of legal error or supported by substantial evidence and is therefore VACATED.  The case is remanded on an open record.

A separate judgment will issue.

IT IS SO ORDERED.

Dated:  February 26, 2024

_____
HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE